UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONNA MEADE,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No.:_____ |
| ) | Plaintiff Demands Trial by Jury |
| ) | |
| **WEST BAY ACQUISITIONS, LLC,** a foreign ) | |
| limited liability company, and ) | |
| **CASCADE RECEIVABLES MANAGEMENT,** ) | |
| **LLC,** a foreign limited liability company, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Donna Meade, by and through the undersigned attorneys, and submits this as her Complaint against Defendants, West Bay Acquisitions, LLC and Cascade Receivables Management, LLC, stating as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and, in addition, for Defendants' violations of State of Alabama common law claims for negligence, breach of contract, invasion of privacy, harassment, negligent hiring, and fraud.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this

District is proper in that Defendants' transact business and the conduct complained of occurred in Shelby County, Alabama.

### III. PARTIES

3. Plaintiff, Donna Meade (hereinafter, "Plaintiff" or "Meade"), is a natural person over the age of majority and residing in Shelby County, Alabama. Meade is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant, West Bay Acquisitions, LLC (hereinafter, "Defendant" or "West Bay"), is a foreign limited liability company engaged in the business of collecting consumer debts in the State of Alabama. The principal business purpose of West Bay is the collection of such debts using the mails and/or telephone. West Bay regularly attempts to collect debts alleged to be due another. West Bay is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. Defendant, Cascade Receivables Management, LLC (hereinafter, "Defendant" or "Cascade"), is a foreign limited liability company engaged in the business of collecting consumer debts in the State of Alabama. The principal business purpose of Cascade is the collection of such debts using the mails and/or telephone. Cascade regularly attempts to collect debts alleged to be due another. Cascade is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

7. In or around 1992, Plaintiff established a revolving credit account with Speigel or a predecessor thereof for the purchase of personal, family or household goods.

8. Allegedly, Plaintiff defaulted on the aforesaid account and, as a result, in or around 1998 entered into a settlement agreement with Speigel or a predecessor thereof to settle the same for less than the amount claimed to be due and owing at that time.

9. Pursuant to the terms of the aforesaid settlement agreement, Plaintiff remitted a certain sum of money as full and final settlement of the account. Moreover, pursuant to the terms of the agreement, the account was to be closed and identified as paid in full.

10. Notwithstanding that the account was settled approximately twelve (12) years ago, Speigel assigned, conveyed, sold or otherwise transferred the account to Cascade for one purpose - to collect an alleged overdue balance.

11. Thereafter, Cascade assigned, conveyed, sold or otherwise transferred the account to West Bay for the sole purpose of collection thereon.

12. Notably, correspondence dated February 23, 2012 from West Bay states that it represents Cascade, "who has purchased [Meade's] defaulted account . . ." and that its "client has agreed to accept $379.00 as full and final settlement of [Meade's] account." Furthermore, this correspondence says that "[b]y making one payment of $379.00 [Meade] will save $7,630.00."

13. Considering that Defendants are attempting to collect the amount of $8,009.00 from Meade, it is apparent that Defendants are attempting to collect the amount compromised within the 1998 settlement, plus interest and fees, from the time of settlement until the present time. Moreover, implicit in the fact that Defendants are offering to settle for less than five (5) percent of the alleged overdue balance is the fact that Defendants know there exists no legal basis for collection of the account.

14. Defendants know or should know that the account upon which they are attempting to collect has been settled, in full, since in or around 1998.

15. Moreover, Defendants know or should know that there exists no legal basis upon which to collect upon Meade's account.

16. Nevertheless, recently Defendants have embarked upon an abusive, annoying, harassing and threatening mission to collect the alleged balance from Meade. Specifically, Defendants have made or caused to be made repeated telephone calls to Meade's residence demanding that Meade pay upon the settled account.

17. As a direct and proximate result of Defendants' unlawful conduct, Meade has been damaged and injured in that she has suffered anger, anguish, distress, embarrassment, frustration, humiliation, loss of sleep, and has been forced to retain the services of the undersigned attorneys to prosecute Defendants' unlawful conduct.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

19. Defendants <u>violated</u> the FDCPA. Defendants' violations include, but are not limited to, the following:

   a) Attempting to collect a debt not legally owed, using false and/or misleading representations, in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10);

   b) Taking illegal actions against Plaintiff in violation of 15 U.S.C. §§ 1692f(1); and

   c) Reporting the debt within Plaintiff's credit reports in violation of 15 U.S.C.

1692b(2), 1692e(3) and 1692e(8).

20. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and for actual damages, compensatory damages, statutory damages, punitive damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

- a. Declaratory judgment that Defendants' conduct violated the FDCPA;
- b. Actual and punitive damages;
- c. Statutory damages pursuant to 15 U.S.C. § 1692k;
- d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,
- e. For such other and further relief as the Court may deem just and proper.

## COUNT II
## NEGLIGENCE

21. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

22. Defendants had a duty to ensure that Plaintiff was indebted to Speigel and/or upon the subject account prior to commencing and/or causing to be commenced collection activity against Plaintiff.

23. Furthermore, because the account had previously been settled, Defendants had a duty to refrain from engaging in collection activity thereon.

24. Defendants breached said duties of care.

25. As a proximate result of Defendants' negligence, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to

prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

    a.    actual damages;

    b.    compensatory damages; and,

    c.    For such other and further relief as the Court may deem just and proper.

## COUNT III
## HARASSMENT

26. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

27. As stated herein above, recently Defendants repeatedly contacted Plaintiff at her residence in an attempt to collect upon the account, which was settled in or around 1998.

28. Defendants knew or should have known that the account was settled in full and, by virtue of such knowledge, Defendants' harassing communications to Plaintiff were willful, intentional and malicious, and undertaken with the intent to injure Plaintiff.

29. As a direct and proximate result of Defendants' harassment, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

    a.    actual damages;

    b.    compensatory and punitive damages; and,

    c.    for such other and further relief as the Court may deem just and proper.

## COUNT IV
## INVASION OF PRIVACY

30. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

31. As stated herein above, Defendants illegally and repeatedly intruded upon the seclusion and solitude of Plaintiff. Defendants' invasion of Plaintiff's privacy was willful, intentional and malicious, and undertaken with an intent to injure Plaintiff.

32. As a direct and proximate result of Defendants' invasion of Plaintiff's privacy, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

   a. actual damages;

   b. compensatory and punitive damages; and,

   c. for such other and further relief as the Court may deem just and proper.

## COUNT V
## NEGLIGENT HIRING, SUPERVISION, AND/OR TRAINING
## ALL DEFENDANTS

33. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

34. Defendants were negligent or wanton in the hiring, supervision and/or training of their agents and/or employees.

35. The agents and/or employees of Defendants, while acting in furtherance and in the line and scope of each individual's agency or employment, were incompetent to perform the requisite duties and, furthermore, Defendants knew or should have known of such

incompetence.

36. As a result thereof, Defendants have engaged in, or caused others to engage in, conduct that constitutes collection activity upon an account that was settled, in full, approximately twelve (12) years earlier.

37. As a direct and proximate result of Defendants' negligent hiring, supervision and training, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

a. actual damages;

b. compensatory and punitive damages; and,

c. for such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this the _____ day of April, 2012.

/s/ **Anthony B. Bush**
Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
Bush & Faulk, LLC
529 South Perry Street, Suite 18
Montgomery, Alabama 36104
Phone:       (334) 263-7733
Facsimile:   (334) 832-4390
Bar Id. #:  ASB-7306-A54B

/s/ **Benjamin H. Meade**
*Attorney for Plaintiff*
915 South Hull Street
Montgomery, Alabama 36104-5157
Phone:       (205) 966-1269

**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**West Bay Acquisitions, LLC**
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

**Cascade Receivables Management, LLC**
c/o National Registered Agents, Inc. of NV
1000 East William Street Suite 204
Carson City, NV 89701